# STATE OF WEST VIRGINIA

# SUPREME COURT OF APPEALS

**SWVA, INC.,**
**Employer Below, Petitioner**

**vs.)    No. 19-0145** (BOR Appeal No. 2053332)
　　　　　　　(Claim No. 2014004239)

**ROBERT A. ADKINS,**
**Employer Below, Respondent**

**FILED**

December 6, 2019
**EDYTHE NASH GAISER**, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner SWVA, Inc., by Counsel Steven K. Wellman, appeals the decision of the West Virginia Workers' Compensation Board of Review ("Board of Review"). Robert A. Adkins, by Counsel Edwin H. Pancake, filed a timely response.

The issue on appeal is permanent partial disability. The claims administrator granted a 0% permanent partial disability award on January 25, 2017. The Office of Judges reversed the decision in its August 21, 2018, Order and granted an 8% permanent partial disability award. The Order was affirmed by the Board of Review on January 25, 2019.

The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Adkins, a mechanic, injured his cervical and lumbar spine in the course of his employment on August 3, 2013, when the crane he was operating was jostled. Mr. Adkins has a history of cervical and lumbar spine issues. In April of 1997, he sought treatment from John Kroening, M.D., for a work-related low back injury. Mr. Adkins was diagnosed with low back strain superimposed on degenerative arthritis of the lumbar spine. He was found to have 6% impairment, for which he was granted a permanent partial disability award. A cervical x-ray taken on February 28, 2007, showed mild arthritic changes in the lower cervical spine with mild neural foraminal encroachment at C5-6. A March 6, 2007, cervical MRI showed disc bulging at C5-6 and C6-7 causing mild foraminal narrowing and minimal canal narrowing. There was also a disc bulge

1

at C3-4 causing foraminal narrowing. Mr. Adkins was treated by Thomas Dannals, M.D., in mid-2007. His treatment notes indicate Mr. Adkins was doing much better after physical therapy. He still had pain rotating his head and was diagnosed with cervicalgia and cervical radiculopathy.

For the claim at issue, Mr. Adkins underwent three independent medical evaluations. The first evaluation was conducted by Marsha Lee Bailey, M.D., on January 10, 2017. Dr. Bailey found that Mr. Adkins had reached maximum medical improvement. She diagnosed chronic neck pain without radiculopathy. Using the American Medical Association's *Guides to the Evaluation of Permanent Impairment* (4th ed. 1993)*,* Dr. Bailey found 0% range of motion impairment because the range of motion measurements were pain restricted. She placed Mr. Adkins in Category II-B from Table 75 of the American Medical Association's *Guides* and assessed 4% impairment. She then placed Mr. Adkins in Cervical Category I of West Virginia Code of State Rules § 85-20-E (2006) and adjusted the rating to 0% impairment. Based on Dr. Bailey's evaluation, the claims administrator granted a 0% permanent partial disability award on January 25, 2017.

Bruce Guberman, M.D., performed an independent medical evaluation on June 27, 2017, in which he disagreed with Dr. Bailey's findings. He found valid range of motion measurements for the cervical and lumbar spine. He diagnosed chronic post-traumatic cervical strain superimposed on degenerative changes. Under Table 75 of the American Medical Association's *Guides,* Dr. Guberman placed Mr. Adkins in Category II-B for 4% impairment. He assessed 7% impairment for range of motion loss and found a combined total of 11% impairment for the cervical spine. He then placed Mr. Adkins in Cervical Category II of West Virginia Code of State Rules § 85-20-E and adjusted the rating to 8%. For the lower back, Dr. Guberman found that Mr. Adkins suffered a temporary injury and had returned to normal. He therefore found no lumbar spine impairment.

Mr. Adkins testified in a September 26, 2017, deposition that he had no cervical spine problems prior to his compensable 2013 injury. He denied undergoing chiropractic treatment prior to August 3, 2013, and stated that Dr. Dannals was the only physician he saw for his neck complaints.

On March 16, 2018, Prasadarao Mukkamala, M.D., performed an independent medical evaluation in which he found that Mr. Adkins had reached maximum medical improvement. He found that the cervical range of motion studies did not meet the validity criteria. Dr. Mukkamala diagnosed an exacerbation of longstanding neck pain due to degenerative cervical spondylosis and disc disease. He placed Mr. Adkins in Category II-B under Table 75 of the American Medical Association's *Guides* for 4% impairment. He then placed Mr. Adkins in Cervical Category II of West Virginia Code of State Rules § 85-20-E and adjusted the rating to 5%. Dr. Mukkamala apportioned the entire 5% for preexisting neck problems. For the lumbar spine, Dr. Mukkamala found 5% impairment. However, Mr. Adkins was previously granted a 6% lumbar spine award so Dr. Mukkamala recommended no additional impairment.

The Office of Judges reversed the claims administrator's grant of a 0% permanent partial disability award and instead granted an 8% permanent partial disability award in its August 21, 2018, Order. The Office of Judges first found that there is no evidence of record suggesting Mr.

Adkins is due more than 6% permanent partial disability for the lumbar spine. For the cervical spine, the Office of Judges noted that he was previously diagnosed with cervical radiculopathy, mild arthritis, and disc bulging. Both Drs. Mukkamala and Guberman found that Mr. Adkins belonged in Cervical Category II of West Virginia Code of State Rules § 85-20-E. Further, the Office of Judges found that all three evaluators of record placed him in Cervical Category II-B from Table 75 of the American Medical Association's *Guides*. The Office of Judges concluded that this demonstrates that he has significant enough clinical findings for placement in Cervical Category II-B. Table 75 Category II-B requires that a claimant be "[u]noperated on, stable, with medically documented injury, pain, and rigidity associated with *none to minimal* degenerative changes on structural tests, such as those involving roentgenography or magnetic resonance imaging." The Office of Judges reasoned that since all three evaluators placed Mr. Adkins in Category II-B, they determined that his degenerative changes were minimal at best. Therefore, Dr. Mukkamala's decision to apportion all of his impairment findings to preexisting cervical conditions was determined to be unreasonable. Accordingly, Dr. Guberman's report was found to be the most reliable of record and his finding of 8% impairment was adopted. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on January 25, 2019.

After review, we agree with the reasoning and conclusions of the Office of Judges as affirmed by the Board of Review. By finding that Mr. Adkins belongs in Category II-B of Table 75, Dr. Mukkamala inferred that he has none to minimal degenerative changes. His decision to apportion his entire impairment finding for preexisting conditions is therefore unreasonable. Dr. Bailey's finding of 0% impairment was based upon placement of Mr. Adkins in Cervical Category I of West Virginia Code of State Rules § 85-20-E. She was the only evaluator of record to do so. Dr. Guberman's evaluation is the most reliable and accurate assessment of Mr. Adkins's impairment and no error was committed in relying on his finding of 8% whole person impairment.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it so clearly wrong based upon the evidentiary record that even when all inferences are resolved in favor of the Board of Review's findings, reasoning and conclusions, there is insufficient support to sustain the decision. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: December 6, 2019**

**CONCURRED IN BY:**
Chief Justice Elizabeth D. Walker
Justice Margaret L. Workman
Justice Tim Armstead
Justice Evan H. Jenkins
Justice John A. Hutchison